**PRACTICE MANAGEMENT INFORMATION CORPORATION, a California corporation, Plaintiff–Counterdefendant,**

v.

**AMERICAN MEDICAL ASSOCIATION, an Illinois nonprofit corporation, Defendants.**

No. CV–94–3107–DT (GHKx).

United States District Court, C.D. California.

Dec. 8, 1994.

Darrell L. Olson, Joseph R. Re, Paul A. Stewart, Knobbe Martens Olson and Bear, Newport Beach, CA, for Practice Management Information Corp.

Peter I. Ostroff, Sharon Helene Pohoryles, Sidley & Austin, Los Angeles, CA, Henry L. Mason, III, Quincy White, Sidley & Austin, Chicago, IL, for American Medical Ass'n.

1. A detailed factual background is set forth in this Court's Order granting defendant American Medical Association's Motion for Summary Judgment and denying Plaintiff Practice Management

ORDER GRANTING DEFENDANT AMERICAN MEDICAL ASSOCIATION'S MOTION FOR PRELIMINARY INJUNCTION.

TEVRIZIAN, District Judge.

### Background [1]

By Stipulation, plaintiff Practice Management Information Corporation ("PMIC") agreed not to reproduce, publish, distribute or release its own version of the reference work the *Physicians' Current Procedural Terminology* ("CPT") before the AMA's Motion for Partial Summary Judgment is heard on December 5, 1994. *See* Stipulation to Continue Hearing Date re AMA's Motion for Partial Summary Judgment, at pp. 1–2. PMIC previously indicated its intention to publish its own version of the CPT with purported changes and corrections before December 31, 1994. Declaration of James B. Davis, ¶¶ 20, 35, filed in support of PMIC's Motion for Preliminary Injunction dated June 26, 1994, ¶¶ 20, 35.

### 2. Procedural History.

PMIC filed its original Complaint on May 12, 1994. PMIC filed a motion for preliminary injunction against the AMA to enjoin the AMA from enforcing any copyrights in the CPT. This motion for preliminary injunction was denied by this Court on July 25, 1994 on the grounds that the CPT was sufficiently original to entitle it to copyright protection. ("July 25 Order"). This Court rejected three of the four arguments presented by PMIC. The only issue left for determination was whether the federal government could destroy a valid copyright for a privately created reference book where the federal government then requires all physicians to use that reference book when participating in a federal program and seeking reimbursements. July 25 Order, at pp. 12–16.

On August 23, 1994, the parties signed a Stipulated Protective Order in which they agreed that certain evidence pertinent to this

Information Corporation's Cross–Motion for Partial Summary Judgment and said background is incorporated herein by this reference.

case may contain confidential or trade secret information and that such evidence or information would be designated as confidential.

On September 22, 1994 by Stipulation with PMIC, the AMA filed its Answer and Second Amended Counterclaim.

On October 21, 1994, the AMA filed a Motion for Partial Summary Judgment seeking a judgment that the federal government's requirement that physicians use the CPT when participating in a federal program does not destroy a valid copyright in a privately created reference work. This motion is now before this Court and is addressed in a separate order.

On November 7, 1994, PMIC filed its Cross–Motion for Summary Judgment of Copyright Invalidity. This motion is also now before this Court and is addressed in a separate order along with the AMA's Motion for Summary Judgment. 877 F.Supp. 1386.

On November 14, 1994, AMA filed the present Motion for Preliminary Injunction to enjoin PMIC from infringing on AMA's copyright in CPT, including the use of any portion of the CPT for sale with the AMA's express written authorization. This motion is presently before this Court.

On November 15, 1994, PMIC filed its First Supplemental Complaint by Stipulation with the AMA. The First Supplemental Complaint, in addition to the original request for declaratory judgment, also seeks monetary damages for statutory and common law unfair competition, intentional interference with contractual relationships, intentional interference with prospective economic advantage, false representation, specific performance, breach of contract and breach of the covenant of good faith and fair dealing. The First Supplemental Complaint does not appear to affect any of the motions presently before this Court.

**Discussion**

**1. Standard.**

■ The plaintiff is required to show that he will suffer irreparable injury and that he is likely to prevail on the merits. *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 931, 95 S.Ct. 2561, 2567–68, 45 L.Ed.2d 648 (1975); *Johnson Controls, Inc. v. Phoenix Control Syst., Inc.,* 886 F.2d 1173, 1174 (9th Cir. 1989). The *Johnson Control* court stated that where a party seeks to enforce its copyright, "a showing of a reasonable likelihood of success on the merits raises a presumption of irreparable harm." 886 F.2d at 1174; see also *Apple Computer, Inc. v. Franklin Computer Corp.,* 714 F.2d 1240, 1254 (3d Cir. 1983), cert. dismissed, 464 U.S. 1033, 104 S.Ct. 690, 79 L.Ed.2d 158 (1984), where the court found a presumption of irreparable injury when evidence demonstrated a significant amount of time, effort and money were directed to the production of the copyrighted material. Therefore, the moving party need only show a likelihood of success on the merits and need not also demonstrate the danger of irreparable harm. 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright,* § 14.06[A], at pp. 14–85 to 14–86 (1994).

**2. The AMA Is Entitled to A Preliminary Injunction Against PMIC.**

PMIC contends that it will suffer extreme and irreparable harm if this motion is granted.[2] PMIC also contends that the AMA has not suffered any harm, the AMA's harm to the public claim is groundless and the AMA's delay in seeking injunctive relief bars the AMA's request. This Court disagrees.

■ The AMA is only required to demonstrate a likelihood of success on the merits to prevail on the present motion for preliminary injunction. As this Court has already determined with the AMA's Motion for Partial Summary Judgment, the AMA has a valid and enforceable copyright for the CPT. This Court has also determined in its lengthy order regarding the motion for partial summary judgment that (1) the AMA's copyright is not invalidated by the government's use of the designations set forth in the CPT; (2) the CPT is not a "law", as PMIC has argued at length, and (3) the CPT does not fall within

---

**2.** PMIC also contends that the injunction sought is overbroad. This argument is now moot given the AMA's clarification that it does not seek to enjoin PMIC publications which do not copy or modify the 1995 CPT.

the narrow exception of the Copyright Act for statutes and opinions.

 In addition, this Court rejects PMIC's contention that this motion is untimely. The AMA has indicated that it seeks only to enjoin the copying and publication of any works incorporating portions of the 1995 CPT by PMIC. The 1995 CPT was published just two weeks ago. Therefore, this Court finds that this motion is timely.

 Finally, this Court has already determined that one source researching and updating the 1995 CPT best advances public policy. Order re the AMA's Motion for Summary Judgment, at p. 14–15, citing the Declaration of Judith Brown, ¶¶ 6–8. Allowing PMIC to modify and publish different versions of the 1995 CPT will greatly increase the AMA's own costs to verify and resolve conflicts in the PMIC's versions with the AMA's versions of the 1995 CPT to maintain the integrity of the 1995 CPT and its own reputation. Further, multiple modified versions of the 1995 CPT with different codes could confuse physicians and the government who rely on the accuracy and uniformity of the 1995 CPT and could substantially impair the reimbursement process. This Court rejects PMIC's suggestion that limited monetary damages in the realm of licensing fees will adequately compensate the AMA. This Court recognizes the enormous resources that are devoted to the research and development of private resource works like the CPT and the statutory damages to which a copyright holder is entitled. This Court also recognizes that multiple modified versions of the 1995 CPT could cause damage to the AMA's and the CPT's reputation.

Based upon this Court's findings, the AMA is entitled to a preliminary injunction against PMIC enjoining PMIC from reproducing the 1995 CPT or from publishing, distributing, releasing, modifying or conducting any other activity which infringes the AMA's copyright in the 1995 CPT. Therefore, this Court **grants** the AMA's Motion for Preliminary Injunction. This Order does not affect any other PMIC publications.

### 3. *The AMA Is Required To Post A Reasonable Bond.*

Rule 65(c) of the Federal Rules of Civil Procedure provides that this Court may prescribe a proper bond that will compensate a party who is wrongfully enjoined as a prerequisite for an injunction. PMIC has requested the AMA be required to post a bond in the amount of $1,750,000. This Court finds this amount is excessive and unwarranted. A review of PMIC's figure demonstrates that $750,000 of that amount represents the sale of books which are not covered by the injunction requested herein. In addition, this Court cannot make a determination of the propriety of the remaining amount of this figure because PMIC has presented incompetent hearsay and conclusory evidence as the basis for this figure. This Court finds a reasonable **bond** in the amount of **$100,000** is justified and orders the AMA to post a bond in that amount **on or before 12:00 P.M., Friday, December 9, 1994.**

IT IS SO ORDERED.